■ KENNETH ANDERSON et al., Appellants, v OLIVER'S GARAGE & SERVICE STATION, INC., Respondent, et al., Defendant. —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Golden, J.), entered August 1, 1990, which granted the motion of the defendant Oliver's Garage & Service Station, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, without costs or disbursements.

In their complaint the plaintiffs alleged that on September 6, 1985, the plaintiff Kenneth Anderson was injured at the defendant Oliver's Garage & Service Station, Inc. (hereinafter Oliver's) when a dumpster owned by the codefendant Martin Dellacona Carting Company, Inc. (hereinafter Dellacona), placed at the garage pursuant to a contract with Oliver's, came into contact with him during the course of garbage collection operations. In support of its motion for summary judgment, Oliver's submitted the affidavit of its president, Joseph Oliver, in which he stated, *inter alia,* that none of Oliver's employees had ever exercised any control over the dumpster or Dellacona's waste disposal operations. Oliver's also submitted, as an exhibit, an unsworn statement of an apprentice mechanic, dated March 31, 1986, before the lawsuit began, which indicated that one of Dellacona's employees had pushed the dumpster, which then struck the injured plaintiff as he bent over his car. In opposition to the motion, the plaintiffs relied solely on the affirmation of their attorney, who failed to present any proof controverting Joseph Oliver's assertion regarding Oliver's lack of control of the garbage collection operation or the dumpster.

It is settled law that one who hires an independent contractor, such as Dellacona, is not liable for the latter's torts where, as here, the hiring party reserves no right to control

the manner in which the work is to be done *(see, Shapiro v Robinson,* 102 AD2d 822, *affd* 63 NY2d 896; 3 NY Jur 2d, Agency and Independent Contractors, § 342). Inasmuch as we can discern no other basis for liability on Oliver's part from the record before us, the motion was properly granted *(see, Zuckerman v City of New York,* 49 NY2d 557).

We have examined the plaintiffs' remaining contention and find it to be without merit. Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.